**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDALIO CASTRO-APARICIO, | No. 16-72350 |
| Petitioner, | Agency No. A079-769-864 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022**

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Sandalio Castro-Aparicio, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

The BIA did not err in concluding that Castro-Aparicio waived his asylum and CAT claims, *see Alanniz v. Barr*, 924 F.3d 1061, 1068-69 (9th Cir. 2019) (no error in BIA's waiver determination), and we lack jurisdiction to consider Castro-Aparicio's contentions as to the merits of these claims because he did not present them to the BIA, *see Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence supports the agency's determination that Castro-Aparicio failed to establish past persecution. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (an applicant who alleges past persecution has the burden of proving that the treatment rises to the level of persecution). Substantial evidence supports the agency's determination that Castro-Aparicio failed to establish that the harm he fears in Mexico would be on account of a protected ground, including a particular social group. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010)

(an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). To the extent the particular social group raised in Castro-Aparicio's opening brief differs from those raised to the agency, and is therefore raised in the first instance, we lack jurisdiction to consider it. *See Barron*, 358 F.3d at 677-78. Thus, Castro-Aparicio's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**